## P. WILLIAMS v. J. O'DANIELS.

For a stipulated compensation the defendant agreed in April, 1865, to fur-
nish a driver for plaintiff's wagon and team, and to accompany and
superintend the same while conveying plaintiff's cotton to market,
and to sell and dispose of it for the plaintiff.   The market then con-
templated was Brownsville or Eagle Pass, but the evidence shows
that defendant had full discretion as to the place of market.   Having
reached San Antonio, the defendant, on the thirtieth of April, 1865,
delivered the cotton to forwarding merchants there, to be shipped to
their house at Eagle Pass.   The merchants were then in good credit
and standing, but shortly afterwards failed, and the cotton having
been sent on to Monterey, Mexico, was there seized by their creditors,
and no proceeds ever reached the plaintiff.   The plaintiff now sues
the defendant as a common carrier, for the value of the cotton.
*Held*, that the undertaking of the defendant was neither that of a
common nor a private carrier; that he was merely the agent of the
plaintiff, and the court below correctly instructed the jury that, "if
in the exercise of a sound discretion, defendant used such diligence
and care as a prudent man would have used with his own cotton,
then he would not be liable for its subsequent loss."

APPEAL from Fayette.   Tried below before the Hon.
I. B. McFarland.

The head-note is believed to indicate all the material
facts.   There was no pretense that O'Daniels was ex-
pressly authorized to confide the cotton to any one.
Two witnesses, however, testified that he was instructed
"to do the best he could with the cotton, just as if it
was his own."   The jury found for the defendant.

*Moore & Ledbetter*, for the appellant, insisted that
the appellee had no authority to turn the cotton over
to other parties, and was therefore liable for misfeas-
ance—citing Angel on Carriers, Sections 270, 271, 272;
Jones on Carriers, 29; Story's Bailments, Section 561;
Sleat v. Fagg, 5 B. & Ald., 342; Powell v. Myers, 26
Wendell, 591, and other cases.

*Jarmon & Cross*, for the appellee.

OGDEN, J.—We are of the opinion that the evidence in this cause fails to establish the fact that the defendant below is chargeable as a common carrier. (Angel on Carriers, §§ 671 and 46 ; Parsons on Cont., 163 and 173 ; Story on Bailments, 489.) The testimony of appellant's witnesses shows most clearly that the undertaking of the appellee was quite different from the undertaking of a common carrier, and counsel for appellant virtually admit that he is not liable as such. Nor did the appellee undertake to haul the cotton for which he is sued, in the capacity of a private carrier alone. (Angel on Carriers, 1 and 46 ; Story on Bailments, § 175 ; 2 Story on Contracts, 158 ; Haynie v. Baylor, 18 Texas, 498.) A private carrier, though he undertakes the transportation of goods as an accommodation, has no discretionary power over the goods transported, but to carry them within a reasonable time, with ordinary care and diligence, and to deliver the same to the consignee at a specific place of destination. In the cause at bar the appellee is not chargeable as a common or private carrier, as he only contracted to furnish a driver to take charge of the appellant's wagon and team, which was to haul the cotton to market, and appellee was to accompany the same as an agent of appellant, to superintend the hauling, to direct to what place the same was to be transported for market, and to sell the cotton when it should arrive at its place of destination. There is some little conflict in the testimony as to the extent of the discretion conferred upon appellee ; but there is no conflict as to the fact that he had a discretion as to the place of market, and as to his full power and authority to sell and dispose of the same. These facts constituted appellee the agent of appellant,

and he can be held responsible only as such. (Story on Agency, §§ 126 and 134.) It is true that appellee might have been held responsible for any misconduct of the driver furnished by him, but as no complaint is made against him on that account, we deem it unnecessary to consider his undertaking with appellant in any other aspect than that of agent, with full power and large discretion:

With this view of the law of the case, we think the court did not err in the charges given to the jury, and especially in the latter part of the fifth charge, wherein the jury were instructed "that if, in the exercise of a sound discretion, defendant used such diligence and care as a prudent man would have used with his own cotton, then he would not be liable for its subsequent loss." We think the law was fairly presented to the jury, and from all the testimony in the cause we are of the opinion that the verdict and judgment were strictly in accordance with the evidence. The judgment is therefore affirmed.

AFFIRMED.