D. D. DANNER and J. W. Maxcey, Appellants,

v.

IOWA MUTUAL INSURANCE COMPANY, Appellee.

No. 21403.

United States Court of Appeals Fifth Circuit.

Dec. 7, 1964.

Fred A. Collins, Collins & Moore, Houston, Tex., for petitioners.

John C. Held and Alvin M. Owsley, Jr., Houston, Tex., for respondents, Baker, Botts, Shepherd & Coates, Houston, Tex., of counsel.

Before WISDOM and GEWIN, Circuit Judges, and HANNAY, District Judge.

WISDOM, Circuit Judge.

This diversity case involves the application of the Texas Stowers Doctrine to an offer to settle while a case is on appeal. G. A. Stowers Furniture Co. v. American Indemnity Co., Tex.Com.App. 1929, 15 S.W.2d 544.

Kurt Burmester, while driving an automobile owned by the plaintiffs, D. D. Danner and J. W. Maxcey, a partnership d/b/a Danner Marine Guard Service, was injured in a collision with an engine of the Houston Belt and Terminal Railway Company. The plaintiffs carried liability insurance with Iowa Mutual. At the trial, the plaintiffs and the Belt were held jointly and severally liable to Burmester for $173,396.05, an amount considerably in excess of the face amount of the policy. The court provided for contribution and denied indemnity. The defendants appealed. The plaintiffs employed their own lawyer, Millan, to represent them on appeal. While the case was pending on appeal, Millan and Burmester's lawyer arrived at a proposed settlement of $62,000, to be paid by the plaintiffs in return for a covenant not to sue. Iowa Mutual meanwhile paid into the registry of the court $55,358.34, the full amount of its liability on the policy, and prayed for a final discharge from further obligations on the policy. But on the ground that the offer was conditional, Iowa Mutual refused to accept the settlement. On appeal, a remittitur of $40,000 was required. The Belt paid $76,176.32 in satisfaction of the judgment and the plaintiffs were required to pay $19,190.12 or $12,548.66 more than they would have paid, they allege, had Iowa Mutual accepted the offer of settlement. The plaintiffs sued Iowa Mutual for this amount in a Texas state court. Iowa Mutual removed. The trial court, sitting without a jury, found that Burmester's offer of settlement had been conditional and that Iowa Mutual had not been negligent in the conduct of settlement negotiations. The court denied recovery, holding:

"1. An insurance company has no duty actively to seek settlement of a judgment after the entry of judgment in the trial court and while the matter is pending before the Court of Civil Appeals on a bona fide appeal. Chancey v. New Amsterdam Casualty Co., 336 S.W.2d 763 (Amarillo [Tex.] Court of Civil Appeals 1960), writ ref'd N.R.E.

"2. Any duty placed by law on an insurance company to negotiate is not a duty separate and apart from a duty to settle but is a part and parcel of the same duty and cannot be separated and made a separate rate theory or cause of action against an insurance company defendant."

In Stowers the court placed upon the insurer the duty to exercise ordinary care in the consideration of a settlement offer: "Where one acts as agent under such circumstances, he is bound to give the rights of his principal at least as great consideration as he does his own."

15 S.W.2d at 548. "The established standard of care in Texas requires the degree of diligence which an ordinarily prudent person would exercise in his own business." Note, Stowers Doctrine, 18 S.W.L.J. 157, 159 (1964). And see R. Keaton, Liability Insurance and Responsibility for Settlement, 67 Harv.L.Rev. 1136 (1954). See also Bostrom v. Seguros Tepayac, S.A., N.D.Tex.1963, 225 F.Supp. 222, 234.

Chancey v. New Amsterdam Casualty Company is the only Texas decision on the subject of an insurer's duty to the insured during the time the case is on appeal. In Chancey the judgment was in excess of the policy limits, as in the instant case, and the insured took the position that his insurance carrier was negligent in failing to settle the claim both before the entry of judgment and while the case was on appeal. The jury found that the insurance carrier was not negligent in "refusing to settle such suit for a sum of money within the $50,000.00 limit of the policy." The jury failed to answer other issues inquiring whether the insurance carrier was negligent in refusing the offer to settle within the policy limits after judgment. The insured contended that the verdict was incomplete and that a mistrial should have been declared. The court held, first, that the issue that the jury did answer favorably to the insurance carrier was broad enough to include an offer of settlement and refusal thereof both before and after the entry of judgment. The court said: "It is our view that the duty to settle implies the duty to negotiate. These two duties can not be separated as far as the basic obligation to the insured is concerned." 336 S.W.2d at 765. The court further held:

"Appellant has cited no case which applies the Stowers doctrine in a situation where an offer of settlement was refused after judgment. An independent search has revealed no such holding in this State. We are therefore unwilling to apply this rule in the case before us. *This is particularly true where the jury has*

*absolved the insurance company of any negligence in answer to a general special issue under an appropriate instruction. To hold otherwise would deprive a litigant of its rights to appeal. An insurer can not be said to be negligent for taking an appeal in the absence of evidence of bad faith or that there was not a reasonable basis or ground for such an appeal."* (Emphasis added.) 15 S.W.2d at 766.

■ Absent any present indication to the contrary in the Texas courts and until the Supreme Court of Texas speaks otherwise, we are Erie-committed to follow Chancey. We read Chancey as the able district judge reads it.

■■ Since the decision in the Stowers case, the Texas courts have placed a reasonable saving clause on the duty of the insurance carrier to an insured. There must be an *unconditional* offer to settle before there can be said to be a breach of the insurer's duty. Jones v. Highway Ins. Underwriters, 253 S.W.2d 1018, (Galveston, Tex.Civ.App.1952), error refused, N.R.E. The Fifth Circuit has also construed Texas law to require that in determining negligence consideration be given to the interests of both the insurer and the insured. Fidelity and Casualty Company of New York v. Robb, 5 Cir. 1959, 267 F.2d 473. Iowa Mutual, therefore, was under no duty to accept a conditional offer of settlement. Here, the covenant held so many risks for the insurer that Iowa Mutual must be considered as having acted with ordinary prudence in refusing to accept the settlement.

As the district court found:

"6. At no time was an unconditional offer of settlement for any specific sum ever communicated to defendant [Iowa Mutual] sufficient to protect it fully against any further expenditure in connection with matters arising out of Burmester, his alleged injuries, and further steps Burmester was considering taking to assert other potential

# 430

rights against Mameric Line, or against further liability to Houston Belt and Terminal Railroad in the event that party secured a judgment of indemnity from Danner and Maxcey, including direct liability, or any costs, expenses or attorneys' fees expended in resisting such claims even in the event same turned out to be without merit."

In short, under the Stowers Doctrine as this Court understood it in Robb, the insurer's duty of ordinary care owed to the insured requires the insurer to make overtures to settle a claim on the policy, and it requires the insurer to exercise ordinary care when a settlement offer is actually made or received. It does not require the insurer to accept a conditional offer carrying risks of further liability. In the factual context of this case, therefore, we hold that the insurer did not breach its duty to the insured.

The judgment is affirmed.