**GLOBE INDEMNITY COMPANY,**
**Appellant,**

v.

**GEN–AERO, INC., Appellee.**

**No. 14878.**

Court of Civil Appeals of Texas,
San Antonio.

Oct. 7, 1970.

Rehearing Denied Nov. 12, 1970.

House, Mercer, House & Brock, Austin, for appellant.

John H. Wood, Jr., Beckmann, Stanard, Wood & Keene, San Antonio, for appellee.

KLINGEMAN, Justice.

This suit was brought by appellee, the insured of a liability insurance policy, against appellant insurance carrier, to recover the amount appellee was required to pay as a result of a judgment against it in excess of policy limits, on the grounds that appellant had negligently rejected an offer to settle the claim for an amount less than the policy limits. Trial was to a jury, and based upon the jury's findings, judgment was rendered for appellee against appellant in the amount of $14,200.72.

In 1964, a suit was instituted in Brazoria County by Dr. G. J. Hayes and Dr. John McElveen, as plaintiffs, against Gen-Aero, Inc., Cessna Aircraft Co., and McCauley Industrial Corp. for personal injuries and property damages arising out of the crash of a Cessna-182 airplane, owned by the two doctors and being piloted by Dr. Hayes. Appellee, Gen-Aero, Inc., is a private corporation with its principal office and place of business in San Antonio, Texas, then engaged in the business of selling, servicing, inspecting, and repairing of aircraft propellers. The appellant, Globe Indemnity Company, was the insurance carrier for appellee in a liability policy, with policy limits of $100,000.00 for each bodily injury, and $250,000.00 for property damages. The propeller involved was a used propeller, which had been manufactured by McCauley, but prior to its installation in the doctors' plane had been inspected and reworked by appellee, and represented to be of merchantable quality and fit for the intended use.

Plaintiffs alleged that said propeller was unfit and defective, and that this was the cause of the crash. The suit was tried in 1966, in Brazoria County, and resulted in a take nothing judgment against Cessna and McCauley, but judgment was entered for plaintiffs against Gen-Aero in the amount of $181,000.00. Thereafter, after some negotiations, a settlement was reached where plaintiffs were paid the sum of $126,800.00, of which amount appellant paid $14,200.72.

Appellee based its present suit on the so-called "Stowers Doctrine", as set forth in G. A. Stowers Furniture Co. v. American Indemnity Company, 15 S.W.2d 544 (Tex.Com.App.1929, holding approved), a suit by an insured against its insurer for an amount the insured was required to pay under a judgment against it in excess of policy limits, based upon the insurer's failure to settle the suit for less than the amount of the policy limits. The court held that the provisions of a policy giving the indemnity company absolute and complete control of the litigation, as a matter of law, carried with it a corresponding duty and obligation, on the part of the indemnity company, to exercise that degree of care that a person of ordinary care and prudence would exercise under the same or similar circumstances, and the failure to exercise such care would be negligence on the part of the indemnity company.[1]

Appellee, after being sued in the Brazoria County suit, called upon appellant to defend such suit, and appellant forwarded the file in connection therewith to a firm of attorneys in Houston to handle such defense. The amount of damages sued for by plaintiffs was in excess of policy limits, and appellee's local attorney was asked by appellee to take part in the defense of such suit to also protect appellee's interests. It is undisputed that during the trial, defendants received an offer from plaintiffs to settle in the amount of $81,500.00, and that this was not accepted. Appellee's local counsel attended the first few days of the trial, but after receipt of such offer, went back to San Antonio, and did not further attend such trial. After such attorney returned to San Antonio, he wrote to the attorney who was handling the case for Globe and Gen-Aero, stating therein that: "It is my understanding that the plaintiffs on Thursday, September 1, made to you an unconditional offer of settlement of $75,000.00, plus the airplane damages of approximately $6,000.00. You reported the details of this offer to me when court adjourned for the day, and I feel I should confirm the fact that in behalf of Gen-Aero, Inc. I encouraged and requested the acceptance of this and of course the attendant release of Gen-Aero, Inc. if you and Globe Indemnity decided not to accept the offer and take the chance that the recovery would be substantially less than the coverage."

Although appellant asserts thirty-five points of error, they can be divided into four general classes of complaints, and will be so discussed in this opinion.

*Points of Error Pertaining to the Submission of and The Jury's Answer to Special Issue Number One* [2]

■ Under these points of error appellant asserts that there is no evidence or

---

1. For a good discussion of the "Stowers Doctrine", see Howell, "Stowers Doctrine in Texas", 32 Tex.B.J. 374 (1969); University of Texas, Dye, "Insurer's Liability for Judgments Exceeding Policy Limits", 38 Texas L.Rev. 233 (1960).

2. "QUESTION NO. 1: Do you find from a preponderance of the evidence that a person of ordinary prudence, in the exercise of such degree of care as such a person would use in the management of his own business, would, under the facts and circumstances known to the Globe Indemnity Company, or to its attorney who represented the defendant, Gen-Aero, Inc., in said suit so brought by G. J. Hayes and John W. McElveen against it, prior to the rendition of the jury verdict in said case, have settled said case by paying said G. J. Hayes and John W. McElveen the sum of $81,500.00?"
   "Answer 'Yes' or 'No'."
   "We, the Jury, answer: Yes."

insufficient evidence to support the submission of or the jury's answer to Special Issue Number One; that the jury's answer thereto is against the great weight and preponderance of the evidence; that the trial court erred in not granting appellant's motion for an instructed verdict, and in denying appellant's motion for judgment non obstante veredicto. The main thrust of appellant's contention is that the offer of settlement that was received was not an unconditional offer; that there is no evidence of an unconditional offer that could have been accepted by plaintiffs; that the attorney for Gen-Aero, Inc. acquiesced and approved the actions of the attorney for Globe Indemnity Company; and that there is no evidence of a failure to exercise due care.

Certain guide lines in determining whether an insurer is negligent in failing to accept an offer to settle are set forth in an excellent comment in 38 Texas Law Review 233, "Insurer's Liability for Judgments Exceeding Policy Limits", supra, and in the case of Highway Ins. Underwr. v. Lufkin-Beaumont Motor Coaches, Inc., 215 S.W.2d 904 (Tex.Civ.App.—Beaumont 1948, writ ref'd, n. r. e.). These may be summarized in part as follows:

(A) An opportunity to settle during the course of investigation or trial.

(B) Failure to carry on negotiations to settle or make a counter offer after receipt of an offer to settle. See Chancey v. New Amsterdam Casualty Company, 336 S.W.2d 763 (Tex.Civ.App.—Amarillo 1960, writ ref'd, n. r. e.); Bell v. Commercial Insurance Co. of Newark, N. J., 3 Cir., 280 F.2d 514 (1960).

(C) Failure to investigate all the facts necessary to protect properly the insured against liability.

(D) Question of liability—if liability is clear, greater duty to settle may exist.

(E) Element of good faith—whether insurer acts negligently, fraudulently, or in bad faith. See Crisci v. Security Insurance Co. of New Haven, Conn., 66 Cal.2d 425, 58 Cal.Rptr. 13, 426 P.2d 173 (1967).

(F) If there are conflicts in evidence which increase the uncertainty of the insured's defense to the injured party's claim, the possibility of the insurer being held negligent increases.

Using the guide lines above set forth, after careful examination of the entire record, we hold that there is sufficient evidence of probative value to support the submission of Special Issue Number One and the jury's answer thereto; and that there was no error of the trial court in refusing to grant appellant's motion for instructed verdict and motion for judgment non obstante veredicto.

Appellant judicially admitted in the Request for Admissions that an offer of settlement in the amount of $81,500.00 was received during the course of such trial.[3] Appellant's attorney also testified that such offer was received during the trial, and that he considered it a firm offer. It is undisputed that appellee's local attorney wrote appellant's attorney after such offer was received and prior to the end of the trial, requesting that such offer be accepted. The record also reveals that appellant's attorney was aware that propellers which had been tested by appellee had been involved in accidents on at least three prior occasions, and that there was a possi-

---

3. Request for Admissions No. 16: "That on or after August 29, 1966, Globe Indemnity Company or its attorney received an offer from Hayes or his attorney for settlement for a figure of less than $100,-000.00."

Answer to Request for Admissions No. 16: "Request for Admissions numbered 16 is admitted, this Defendant believing that such offer of settlement for a figure less than $100,000.00 was actually received on September 2, 1966 and was in the sum of approximately $81,500.00."

bility that the inspection made by appellee was faulty [4]; that such attorney believed that the jury would probably find appellee liable, but that he also believed that the other defendants would also be held liable. Although appellant's attorney took the position that Dr. Hayes' personal injuries were exaggerated, there is evidence that Dr. Hayes had suffered a back injury, that such injury was of a substantial nature, that such injury was of a permanent nature, and that Dr. Hayes' ability to perform operations was substantially impaired. There is evidence that appellant's attorney believed that plaintiffs' case was worth about $30,000.00, but the jury might possibly give him more; but after receipt of such offer, he made no counter offer nor made any real efforts to negotiate further. Appellee's local attorney testified that appellant failed to keep him informed of material facts involved in such case.

Under the entire record there is evidence more than a scintilla to support the jury's answer to Special Issue Number One, and appellant's points of error thereto are without merit.

### Points of Error Pertaining to the Court's Charge

Appellant complains that the trial court erred in overruling appellant's objections and exceptions to Special Issue Number One because said issue is a charge on the weight of the evidence; that said issue fails to limit the inquiry to a time certain; that said issue as worded is a general charge; and that said issue is duplicitious and multifarious. Appellant also asserts that the trial court erred in refusing to submit defendant's requested issues Nos. 1, 2, 3, 4, 5, 6, 7, 8, and 9 [5], and that the trial court erred in overruling appellant's objection to the court's charge in that no issue is submitted to determine the amount of money appellee would be entitled to recover. Special Issue Number One as submitted by the court is virtually identical to the special issue submitted in Highway Ins. Underwr. v. Lufkin-Beaumont Motor Coaches, Inc., supra [6], and it substantially meets the standards set forth in G. A. Stowers Furniture Company v. American Indemnity Company, supra, and

4. Letter from Hon. Newton M. Crain, Jr. to Hon. W. W. Fowlkes dated August 23, 1966, in which he stated: "From the testimony of the witnesses taken in depositions to date, it would appear that the propeller in question was inspected by Gen-Aero, Inc. and, some three to four months later, failed due to cracks which were not discovered by the Gen-Aero inspection. In view of the small amount of use to which the propeller was put, the extent of the cracks, and the shortness of the time involved, plus the fact that Gen-Aero had four other propeller blades inspected by them fail within a short period of time, it would appear that perhaps their inspection was faulty."

5. (1) Whether an unconditional offer of settlement had been received. (2) Whether such offer would have been accepted by Dr. Hayes. (3) Whether appellant was negligent in not settling the case. (4) Whether such failure was a proximate cause. (5) Whether the acts of plaintiffs' attorney and McCauley's attorney in their argument to the jury

were the sole proximate cause of the verdict rendered. (6) Whether the insistence of appellees that the case be settled and appeal not be prosecuted to a conclusion was negligence. (7) Whether such negligence was a proximate cause of loss of appellees. (8) Whether appellee acquisced in decision of appellant that the case did not have a settlement value of $81,500.00. (9) Whether Dr. Hayes would have accepted the amount of money referred to in Special Issue Number One.

6. "Do you find * * * that a person of ordinary prudence in the exercise of such degree of care as such a person would use in the management of his own business, would, under the facts and circumstances known to the * * * Highway Insurance Underwriters, or to its attorney who represented the defendant, Lufkin-Beaumont Motor Coaches, Inc., in said suit so brought by Riley Alexander against it, prior to the rendition of the jury's verdict in said case, have settled said case by paying said Riley Alexander the sum of $4,500.00? Answer: Yes."

American Indemnity Company v. G. A. Stowers Furniture Company, 39 S.W.2d 956 (Tex.Civ.App.—Galveston 1931, writ ref'd). The ultimate question of fact was whether appellant was negligent in rejecting the offer of settlement, and a realistic interpretation of the special issue, with the court's instruction in connection therewith[7], shows that this ultimate question of fact was correctly expressed in the special issue submitted. Appellant's objections to such special issue are without merit, and further, the trial court did not err in refusing to submit defendant's requested special issues.

*Points of Error That the Trial Court Improperly Admitted Into Evidence a Copy of the Statement of Facts of the Previous Trial in Brazoria County*

■■ By six points of error appellant asserts: 1. The proper way to handle a case of this nature is to have the original witnesses come forward and testify, and a Statement of Facts is only admissible if there has been a showing that the witnesses who testified in the original trial are unavailable. 2. In any event, it was error to admit into evidence the proffered copy of the Statement of Facts because: (a) It was not properly authenticated. (b) The only Statement of Facts that could be admitted into evidence would be the original Statement of Facts filed with the Court of Civil Appeals in Houston.[8] (c) It was hearsay as to appellant. (d) The court reporter's deposition shows it had not been compared with the original filed with the Court of Civil Appeals or checked with his shorthand notes. 3. The court erred in allowing appellee to read

certain excerpts from such Statement of Facts.

This problem arose because the original of such Statement of Facts, which consisted of fifteen volumes, was filed in the Court of Civil Appeals in Houston, and in some manner became lost or misplaced. Such Statement of Facts was prepared by Mr. Whit Waide, a court reporter, who testified by deposition that he was a court reporter in the previous trial in Brazoria County; that he prepared a Statement of Facts in such law suit, which consisted of fifteen volumes; that he had examined the Statement of Facts which appellee sought to introduce in the present case; that such Statement of Facts accurately set forth the voir dire examination, the jury speeches or arguments, and the testimony adduced at such trial; that such Statement of Facts accurately represented the proceedings that were had in such trial. He further stated that although he had not examined the Statement of Facts that ultimately was filed in the Court of Civil Appeals in Houston, and did not know what additions or corrections, if any, had been made in such original Statement of Facts, that the copy of the Statement of Facts which was offered to be introduced into evidence in this cause was a true and correct copy of the Statement of Facts that was prepared by him.

From the analysis of other "Stowers Doctrine" cases in Texas, it appears that original Statements of Facts have been allowed to be introduced into evidence, and that it would be proper to either offer original evidence or a properly authenticated Statement of Facts. We have found no case holding that when a proper pred-

---

7. "You are further instructed that under the law in Texas, an insurer is required to exercise ordinary care in considering whether an offer of settlement should be accepted, but an insurer does not necessarily become liable merely because the decision to reject an offer of settlement proves to be wrong; in other words, the duty to exercise ordinary care leaves room for an error in judgment without liability

necessarily resulting therefrom. By the term 'ordinary care', as used in this charge is meant such care as would be exercised by a person of ordinary prudence under the same or similar circumstances."

8. Appellee asserts that the Statement of Facts introduced in this trial is not a copy, but is a duplicate original.

icate is laid, that the Statement of Facts of the original case is inadmissible. It would appear that the Statement of Facts introduced in the previous trial would be the best evidence of the testimony in the previous trial.

■ Under the record before us, we do not believe it was error to allow the introduction of the proffered Statement of Facts. In any event, if it was error, we regard it as harmless error. There is other sufficient evidence of probative value adduced in the trial before us to support the jury's verdict and resulting judgment.

### Points of Error Pertaining to Alleged Improper Remarks by Appellee's Counsel

■ Appellant asserts that this case should be reversed because of alleged improper remarks made by appellee's counsel in his final jury argument and during the course of the trial. In particular appellant complains of the following alleged improper remarks: (a) In referring to appellant as a "public utility" and as a "marble-hearted insurance company". (b) In telling the jury how he would have handled the case if he had been an attorney for appellant during the Brazoria trial. (c) In making reference to a letter which had not been admitted into evidence, and in referring to other matters outside of the record. Appellant asserts that the cumulative effect of many improper remarks, innuendos, and statements made by appellee's counsel prevented appellant from being able to obtain a fair trial, and that the jury's verdict is so against the overwhelming preponderance of the evidence, that it clearly indicates that this verdict was the result of passion, bias, and prejudice.

A judgment will not be reversed on appeal unless the appellate court feels that the error complained of amounts to such a denial of the rights of appellant as was recently calculated to cause and probably did cause the rendition of an improper judgment. Rule 434, Texas Rules of Civil Procedure; Holmes v. J. C. Penney Company, 382 S.W.2d 472 (Tex.1964); Texas Sand Company v. Shield, 381 S.W.2d 48 (Tex.1964); Dennis v. Hulse, 362 S.W.2d 308 (Tex.1962).

Most of the alleged improper remarks complained of were objected to by appellant, which objections were sustained by the court, and the jury properly instructed not to consider such remarks. In a few instances, no objections were made to the remarks complained of. In order to entitle one to a new trial because of improper jury argument, it must be shown that objection was made and overruled at the time the argument was made, and it is only when the probable harm or the resulting prejudice cannot be eliminated or cured by retraction or instruction, that a new trial will be awarded in the absence of timely objection. Texas Employers' Ins. Ass'n v. Haywood, 153 Tex. 242, 266 S.W.2d 856 (1954); Wade v. Texas Employers' Ins. Ass'n, 150 Tex. 557, 244 S.W.2d 197, 200 (1951); 56 Tex.Jur.2d, Trial, Sections 313–317.

We have carefully examined the entire record, including the jury arguments, and while we view some of the remarks and arguments as questionable, we cannot say that such remarks and arguments were reasonably calculated to cause and probably did cause the rendition of an improper judgment. See Home Insurance Company v. Greene, 443 S.W.2d 326, 331 et seq. (Tex. Civ.App.—Texarkana 1969), affirmed in 453 S.W.2d 470 (Tex.1970).

All of the appellant's points of error have been considered and all are overruled. The judgment is affirmed.