GLOBE INDEMNITY COMPANY, Petitioner,

v.

GEN–AERO, INC. et al., Respondents.

No. B–2454.

Supreme Court of Texas.

June 23, 1971.

Rehearing Denied July 28, 1971.

House, Mercer, House & Brock, John C. Wilson, Austin, for petitioner.

Beckmann, Stanard, Wood & Keene, John H. Wood, Jr., San Antonio, for respondents.

PER CURIAM.

The opinion of the Court of Civil Appeals in this case is reported in 459 S.W.2d 205 (1970).

After reviewing the entire record including the pleadings, the evidence, and the status of the points preserved on appeal, we are of the opinion that a correct result was reached by the Court of Civil Appeals, and that the writ of error was improvidently granted. Accordingly, the order granting the writ of error is set aside; and the application for writ of error is refused, no reversible error.

REAVLEY, Justice (dissenting).

Gen-Aero, Inc. has been awarded $14,-200.72 against Globe Indemnity Company in this Stowers suit. ('G. A. Stowers Furniture Co. v. American Indemnity Co., 15 S.W.2d 544, Tex.Com.App.1929). Globe covered Gen-Aero's liability to the extent of $100,000 in a prior suit in Brazoria County brought by Dr. G. J. Hayes against Gen-Aero and two other defendants. In that Brazoria case Hayes obtained a verdict

and trial court judgment in excess of $100,000, and a settlement was thereafter reached which required Gen-Aero's payment to Dr. Hayes of $14,200.72 beyond what Globe had to pay.

During the course of the Brazoria trial an offer of settlement for $81,500 was extended by the plaintiff to Gen-Aero. Attorney Newton Crain represented Gen-Aero in that trial, having been employed by Globe by virtue of its duty to defend Gen-Aero. Attorney W. W. Fowlkes was directly employed by Gen-Aero; but he did not actively participate in the trial and when he was informed of the $81,500 offer, it being beneath the $100,000 policy limits, he left the scene of the trial with the thought that—irrespective of any evaluation of the offer—Gen-Aero no longer had any exposure.

The only basis of Gen-Aero's recovery from Globe is the jury finding "that a person of ordinary prudence, in the exercise of such degree of care as such person would use in the management of his own business, would, under the facts and circumstances known to * * * [Globe or Newton Crain], prior to the rendition of the jury verdict in said case, have settled said case by paying * * * $81,500." In my opinion that finding cannot stand, because one who reads this record must conclude that no reasonable person would have paid out $81,500 to protect Gen-Aero at the time when that payment would have settled the Brazoria suit.

I conceive of only two devices by which the finding and judgment may be thought to be supported. First, as the court of civil appeals recites, there was evidence against Gen-Aero of liability and damages in the Brazoria case. But surely we are not to limit ourselves to the evidence of the plaintiff against Gen-Aero in the first lawsuit when deciding the sufficiency of evidence on the above issue in this lawsuit against Globe. In deciding whether or not to settle, Globe was entitled to evaluate plaintiff's evidence and to consider the opposing evidence as to liability and damages.

In the testimony, the arguments to the jury, the briefs of the parties, and in the judicial writings herein, I find no explanation of how a reasonable person could fault Globe for refusing to accept the offer. Secondly, it may be thought that the verdict of the Brazoria County jury in the first case is to be considered sufficient proof in itself of the unreasonableness of the rejection of the $81,500 offer. This was not a circumstance known to Newton Crain or to Globe when the offer was outstanding, and their prudence then should be measured without regard to what later befell them.

Globe's coverage should not be extended by taking the wings of hindsight to impose upon Globe a duty beyond the requirements of its contract with Gen-Aero.

WALKER, STEAKLEY and POPE, JJ., join in this dissent.