WOOD TRUCK LEASING, INC., Appellant,

v.

AMERICAN AUTOMOBILE INSURANCE COMPANY, Appellee.

No. 15427.

Court of Civil Appeals of Texas, San Antonio.

July 16, 1975.

Cobb, Thurmond & Bain, San Antonio, for appellant.

Groce, Locke & Hebdon, Charles R. Shaddox, Otto S. Good, San Antonio, for appellee.

BARROW, Chief Justice.

This is an appeal from a take-nothing summary judgment. Appellant, the insured under an assigned risk automobile liability insurance policy issued by appellee, brought this suit to recover damages allegedly sustained as a result of appellee settling the claims · brought against appellant by two minors involved in an automobile accident with an insured truck. The claims were settled within the policy limits, but appellant alleged that the settlement payments resulted in higher insurance premiums to it.

The basic issue presented by appellant's two assignments of error is the interpretation to be given to the insurance policy wherein it provides that the company "may make such investigation, negotiation and settlement of any claim or suit as it deems expedient."

It is well settled that under the *Stowers* doctrine an insurance company can be held liable to the insured for its negligence in failing to settle a claim within policy limits. *Globe Indemnity Company v. Gen-Aero, Inc.*, 459 S.W.2d 205 (Tex.Civ. App.—San Antonio 1970, writ ref'd n. r. e.), 469 S.W.2d 164 (Tex.1971); *G. A. Stowers Furniture Company v. American Indemnity Company*, 15 S.W.2d 544 (Tex.Com.App. 1929, holding approved). Appellant seeks to apply the converse of the *Stowers* doctrine to the situation where a settlement by the insurer results in injury to its insured.

Under the clear and unambiguous language of the policy contract, the insurer has the authority to make such settlement of any claim or suit as it deems expedient. This right has been uniformly upheld in the absence of fraud or bad faith. *Brightwell v. Rabeck*, 430 S.W.2d 252 (Tex.Civ.App.— Fort Worth 1968, writ ref'd n. r. e.); *Travelers Insurance Company v. Hitchner*, 61 N.J.Super. 283, 160 A.2d 521 (Sup.Ct. of New Jersey, 1960); *Johnson v. Hardward Mutual Casualty Company*, 109 Vt. 481, 1 A.2d 817 (Vermont 1938); Appleman, Insurance Law and Practice, § 4711 (Supp.1974). The insurer's right to settle as it deems expedient was recognized in *Travelers Insurance Company v. Hitchner, supra*, although, under the policy terms, the insured was required to pay the first $500 of any settlement.

Appellee's motion for summary judgment was directed solely to appellant's petition and was not supported by affidavits, depositions or other summary judgment evidence. Accordingly, for the purposes of the motion, the factual allegations

of the petition are admitted as true. *Garza v. Perez*, 443 S.W.2d 855 (Tex.Civ.App.— Corpus Christi 1969, no writ); 4 McDonald, Texas Civil Practice, Section 17.26.8(i) (1971).

Appellant alleged that appellee was negligent in its investigation of the accident. Specifically, it was alleged that appellee did not secure an accurate copy of the Bexar County Sheriff's report of the accident until after the settlement had been consummated with the two occupants of the third party vehicle. These allegations were followed with this sentence: "Plaintiff would show that these and other acts constitute negligent investigation and a subsequent bad faith settlement, all to the detriment of Plaintiff." There were no exceptions to this general allegation that there were "other acts" constituting bad faith. This general allegation of bad faith on the part of appellee bars a take-nothing summary judgment on the pleadings.

The judgment of the trial court is reversed, and the cause remanded.