Donna Mae ROSELL, Individually and as Next Friend of Alicia Marie Downs, Appellant,

v.

FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY, Appellee.

No. 9069.

Court of Appeals of Texas, Texarkana.

Oct. 12, 1982.

Fred L. Nix, Patton & Nix, Longview, for appellant.

Webber W. Beall, Jr., Touchstone, Sidney H. Davis, Jr., Touchstone (on appeal), Bernays, Johnston, Beall & Smith, Dallas, for appellee.

HUTCHINSON, Justice.

Donna Mae Rosell appeals from a summary judgment granted in favor of Farmers Texas County Mutual Insurance Company. The Woods, who were insured by Farmers, assigned any and all rights they have against Farmers to Rosell. Rosell then sued Farmers alleging damages due to Farmers' failure to settle claims against the Woods. The sole issue is whether there exists a genuine issue of fact to defeat the summary judgment. We uphold the judgment.

This action stems from a suit arising out of an automobile accident wherein the vehicle driven by Donald Gene Wood struck Rosell's daughter, Alicia Marie Downs. The defendants were Donald Wood and his parents, Jerry and Alma Wood.

The Woods were insured under an automobile liability insurance policy issued by Farmers to Jerry Wood. The policy provided coverage for bodily injury with limits of liability of $10,000.00 per person and $20,000.00 per occurrence. Prior to the first trial, Farmers offered to settle for $10,000.00 on Alicia's cause of action for personal injury and $5,000.00 on Rosell's cause of action for emotional distress. Rosell declined, demanding instead $20,000.00—$10,000.00 on each claim—to settle the lawsuit. Farmers refused to offer the full policy limits and the case was tried to a jury. A judgment in favor of Alicia for $55,000.00 and Rosell for $5,625.00 was awarded against Donald Wood. A take nothing judgment was entered as to Jerry and Alma Wood.

Rosell secured an assignment from the Woods of any and all claims they might have against Farmers arising out of Farmers' alleged failure to negotiate a settlement within the policy limits to Rosell. In the present suit, Rosell seeks recovery individually, as next friend of Alicia, and on behalf of the Woods against Farmers. The trial court correctly granted Farmers' motion for summary judgment because there was no cause of action against Farmers.

If there is no material fact issue and a movant is entitled to judgment as a matter of law, summary judgment may be granted. Rule 166–A, Tex.R.Civ.P. Basing her contention on the Stowers Doctrine and the Texas Deceptive Trade Practices Act, Rosell claims fact questions exist as to whether Farmers committed an unconscionable action, failed to negotiate in good faith for settlement, and breached its implied warranty of good faith.

Rosell has no cause of action under the DTPA because she is not a "consumer." Only a consumer, an individual who seeks or acquires by purchase or lease any goods or services, may maintain such an action. Tex.Bus. & Com.Code Ann. §§ 17.45(4) and 17.50 (Vernon Supp.1982). Therefore, any right Rosell might have under the DTPA must derive from the assignment of Donald Wood's cause of action, because he is the only damage suit defendant against whom an excess judgment or judgment of any kind was rendered. However, Donald Wood does not qualify as a consumer either. As an additional insured under his father's insurance policy, Donald neither sought nor acquired by purchase or lease any goods or services. Even if he were a consumer, any post-sale conduct of an insurer is not conduct occurring in connection with the purchase of goods or services. *American Ins. Companies v. Reed,* 626 S.W.2d 898, 902 (Tex.App.—Eastland 1981, no writ). Thus, any alleged deceptive practices by Farmers were not involved in the sale of the insurance policy and as such are not covered by the DTPA.

The Stowers Doctrine allows an insured to recover from his insurer the entire amount of a judgment rendered against him if, prior to judgment, the insurer negli-

gently failed to accept a settlement offer *within the liability limits* of the insurance policy between them. *Lacey v. Mid-continent Casualty Co.,* 247 F.Supp. 667 (S.D. Tex.1965); *G.A. Stowers Furniture Co. v. American Indemnity Co.,* 15 S.W.2d 544, 547 (Tex.1929). The Farmers insurance policy purchased by Wood provided for coverage of a maximum of $10,000.00 *per person.* Farmers should not be required to offer the total $20,000.00 per occurrence limit of liability thereby transferring a portion of the $10,000.00 coverage for the claim of Donna Rosell to the claim of Alicia Downs. Texas has not yet addressed this question, but courts of other jurisdictions have concluded that no breach of duty occurs where an insurer refuses to pay the full amount of its "per occurrence" limit where there are two claims, one of which may result in an excess judgment and the other of which is within its "per person" limit. See, e.g., *Clark v. Hartford Accident and Indemnity Co.,* 61 Tenn.App. 596, 457 S.W.2d 35 (1970); *Roberie v. Southern Farm Bureau Casualty Ins. Co.,* 185 So.2d 619 (La.App.1966), *aff'd in part, rev'd in part,* 250 La. 105, 194 So.2d 713 (1967); *Standard Acc. Ins. Co. of Detroit, Mich. v. Winget,* 197 F.2d 97 (9th Cir.1952). The $10,000.00 per person limit controls the maximum settlement an insurance company is required to offer each claimant. This discourages use of insurance policy per occurrence limits as "trust funds" to divide between various plaintiffs as they see fit or requiring insurance companies to accept "package deal" settlements from multiple claimants.

Farmers offered to settle Alicia's claim for $10,000.00, the full per person policy limits the Woods' coverage allowed. The award to Rosell was well below the per person policy limit and Farmers tendered this amount to her. As a matter of law, Farmers has not committed an unconscionable action, failed to negotiate in good faith for settlement, or breached an implied warranty of good faith.

The judgment of the trial court granting Farmers' motion for summary judgment is affirmed.