TEXAS PACIFIC INDEMNITY COMPANY, Appellant,

v.

CITY OF BEAUMONT, Appellee.

No. 7391.

Court of Civil Appeals of Texas, Beaumont.

Dec. 14, 1972.

Fulbright, Crooker & Jaworski, Houston, for appellant.

Weller, Wheelus, Green & Brocato, Beaumont, for appellee.

STEPHENSON, Justice.

This is an appeal from an order of the trial court overruling defendant's plea of privilege. Trial was before the court and findings of fact and conclusions of law were made by the court. The parties will be referred to here as they were in the trial court.

The City of Beaumont, as plaintiff, brought this suit against its liability insurer, Texas Pacific Indemnity Company, a Texas corporation, in Jefferson County. The cause of action is one for negligence in failing to settle a suit within the policy limits. It was alleged that the defendant's negligence occurred in the handling of the case reported as City of Beaumont v. Graham, 423 S.W.2d 105 [Tex.Civ.App., Beaumont, 1968, affirmed 441 S.W.2d 829 (Tex. 1969)]. In its plea of privilege, defendant alleged its residence and principal office was in Dallas County. In its controverting plea, plaintiff relied upon subdivisions 5, 9a, and 23 of Art. 1995, Vernon's Ann.Civ. St.

The trial court made lengthy findings of fact including the following, in essence: That defendant is a domestic corporation with its domicile in Dallas County. That a contract of insurance was in effect at all material times. That such contract was performable in Jefferson County. That defendant had an agent in Jefferson County as that term is used in the venue statutes. That James Columbus Graham, Jr., an employee of an independent contractor who contracted with plaintiff to perform certain work on a City water tower, received injuries resulting in his death when he fell from such water tower. That Graham's heirs and legal representative filed suit for damages against plaintiff alleging a cause of action based upon negligence. Defend-

ant assumed defense of such suit under its contract of insurance with plaintiff. Damages in the amount of $391,000 were sought and the policy limit is $50,000. Such case was tried, resulting in a jury verdict against plaintiff in the amount of $148,000. That the damage exposure in the case was between $125,000 and $200,000. There was a fifty-fifty chance that the City would be found guilty of negligence and that liability would be established against the City. That Graham's attorney made an offer to settle that case for $37,500 before the jury verdict was returned. That defendant made no offer to settle that case while it was on appeal, even though it was affirmed, first by the court of civil appeals and then by the Supreme Court. That defendant was negligent in failing to settle such case within the policy limits before the jury verdict, which was a proximate cause of plaintiff's damage in the amount of $98,000. That defendant was negligent in not settling such case while it was on appeal. That plaintiff's cause of action against defendant, or a part of such cause of action, arose in Jefferson County.

The trial court then filed conclusions of law containing the following, in essence: That defendant was negligent in failing to settle such suit within the policy limits before the jury verdict, proximately causing plaintiff's damages in the amount of $98,000. That defendant was also negligent in not settling such case while it was on appeal, proximately causing a substantial loss to plaintiff. That such negligence occurred in Jefferson County. That the trial court had venue under subdivisions 9a and 23 of Art. 1995, V.A.C.S.

Defendant has points of error that there is no evidence and insufficient evidence to support the finding that defendant was negligent in failing to settle this suit before the jury verdict, and that such finding is against the overwhelming weight and preponderance of the evidence. Defendant has similar points as to the finding of proximate cause. We consider only the

evidence favorable to such findings in passing upon the no evidence points and the entire record as to the remaining points.

The Supreme Court pronounced what is now commonly known as the Stowers Doctrine in G. A. Stowers Furniture Co. v. American Indemnity Co., 15 S.W.2d 544 (Tex.Com.App.1929). Simply stated, this doctrine is that an insured must prove that an insurer was negligent when the insurer declined to settle a tort claim for a sum within the policy limits and a judgment is rendered in excess of such limits. The reasoning of the Supreme Court in the *Stowers* case is that the insurer had the right, under its policy of insurance, to take complete and exclusive control of the suit and reserved the right to settle such suit. The insurer assumed the responsibility to act as the exclusive and absolute agent for the insured in all matters pertaining to the litigation. As such agent, it ought to be held to that degree of care and diligence which an ordinary prudent person would exercise in the management of his own business.

See also discussion of the guidelines for use in determining whether an insurer is negligent in failing to accept an offer to settle which is set out in Globe Indemnity Company v. Gen-Aero, Inc., 459 S.W.2d 205, 208 [Tex.Civ.App., San Antonio, 1970, *writ of error dismissed as improvidently granted* 469 S.W.2d 164 (Tex.1971)].

Under both subdivisions 9a and 23 of Art. 1995, V.A.C.S., plaintiff had the burden of establishing its cause of action by a preponderance of the evidence. The basic facts are undisputed. An action for damages against the insured was filed for an amount far in excess of the policy of insurance. The insurer assumed the defense of the suit. An offer to settle such suit within the policy limits was made before the jury verdict was returned, which offer was rejected. A well qualified expert witness testified that, in his opinion, there was a fifty-fifty chance that liability would be established against the insured. We have made a careful study of the evidence in this record and have concluded that the plaintiff discharged its burden. There is evidence to support the findings by the trial court that defendant was negligent in failing to settle such suit within the policy limits before the jury verdict, which was the proximate cause of plaintiff's damage. There is evidence in this record which would have supported findings to the contrary. However, such adverse evidence did no more than raise a question of fact for the trial court to decide, which it did. All of the points of error set out above are overruled.

Defendant has similar points of error in reference to the findings by the trial court that defendant was also negligent in failing to settle this case while on appeal. Because of our disposition of the above points of error, these points become immaterial.

Affirmed.