**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 99-10684

---

STEVE FORD, ETC; ET AL                                                                 Plaintiffs,

STEVE FORD, d/b/a/ H&F Cotton Co;
GENEVA FORD,

                                                                          Plaintiffs-Appellants,

versus

CIMARRON INSURANCE
COMPANY, INC.,

                                                                          Defendant-Appellee.

---

Appeal from the United States District Court
for the Northern District of Texas, Dallas Division

---

November 1, 2000

Before POLITZ, JONES, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

The issue before us is whether the district court erred in granting Defendant-Appellee's, Cimarron Insurance Company, Inc. ("Cimarron"), renewed motion for judgment as a matter of law regarding an insured's right under Texas law to recover for an insurer's alleged negligent investigation, handling, and settlement of an insured's claims. For the reasons set forth below, we affirm the district court's ruling.

FACTUAL AND PROCEDURAL HISTORY

On July 29, 1994, a fire occurred at the place of business of Plaintiffs-Appellants, Steve Ford d/b/a H&F Cotton Company and Geneva Ford ("Ford"). Ford tried to end the blaze with portable fire extinguishers, but they did not work. Consequently, the flames destroyed the premises and contents of Ford's company as well as damaged those of the neighboring business, Novatech Corporation ("Novatech").

Ford sued Action Fire and Equipment ("Action"), the company that had certified the extinguishers before the fire, and its liability carrier. Novatech sued Ford for its resulting damages. Accordingly, Ford notified his liability carrier, Cimarron, of Novatech's claim. In handling and settling this claim, Cimarron sent a letter to Novatech stating that Ford was partially negligent in causing the fire. Action then acquired a copy of Cimarron's letter to Novatech.

Following Action's acquisition of the letter, Ford filed suit against Cimarron in the district court of Dallas County, Texas, alleging that Cimarron negligently handled and settled the Novatech claim against Ford. According to Ford, this negligence damaged him by diminishing the value of his suit against Action from a policy limit case to a nuisance value case. Cimarron then removed the suit to federal district court.

After Ford presented evidence on the merits of his negligence claim, Cimarron moved for judgment as a matter of law. The district court instructed the parties that it would hear motions for judgment as a matter of law only after the jury had the opportuni ty to return a verdict. The jury returned a verdict for Ford and the district court rendered judgment thereon. Cimarron then filed a renewed motion for judgment as a matter of law arguing that Texas law does not recognize a

negligence cause of action for an insurer's handling, investigating, and settling of an insured's claim. The district court granted Cimarron's motion and Ford now appeals.

DISCUSSION

I.      Standard of Review

"'A motion for judgment as a matter of law . . . in an action tried by jury is a challenge to the legal sufficiency of the evidence supporting the jury's verdict.'" Jones v. Kerrville State Hosp., 142 F.3d 263, 265 (5th Cir. 1998) (quoting Harrington v. Harris, 118 F.3d 359, 367 (5th Cir. 1997)).  This Court reviews a motion for judgment as a matter of law *de novo*, "applying the same legal standard as did the trial court."  Omnitech Int'l, Inc. v. Clorox Co., 11 F.3d 1316, 1322-23 (5th Cir. 1994). Accordingly, "judgment as a matter of law is proper after a party has been fully heard by the jury on a given issue, and 'there is no legally sufficient evidentiary basis for a reasonable jury to have found for that party with respect to that issue.'"  Foreman v. Babcock & Wilcox Co., 117 F.3d 800, 804 (5th Cir. 1997) (quoting FED. R. CIV. P. 50(a)).

II.     Negligence Under Texas Law

A.      Elements

To prevail on a negligence claim in Texas, a plaintiff must establish three elements: "(1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach." Greater Houston Transp. Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990) (citing El Chico v. Poole, 732 S.W.2d 306, 311 (Tex. 1987)).  Duty is the threshold inquiry of any negligence case. See Phillips, 801 S.W.2d at 525.  In Texas, moreover, whether a duty exists is a question of law for the court to decide from the facts surrounding the occurrence in question.  See id.

3

B.    Stowers Duty

Texas courts have recognized only one tort duty regarding third party insurance cases, that being the duty stated in Stowers Furniture Co. v. American Indem. Co., 15 S.W.2d 544 (Tex. Comm'n App. 1929, holding approved).  See Maryland Ins. Co. v. Head Indus. Coatings & Serv., Inc., 938 S.W.2d 27, 28 (Tex. 1996).  According to this duty, an insurer may be held liable in damages upon refusing an offer of settlement when it appears that an ordinary prudent person in the insured's situation would have settled.  See Stowers, 15 S.W.2d at 547.  However, a settlement demand triggers the Stowers duty only upon meeting three prerequisites: "(1) the claim against the insured is within the scope of coverage; (2) the demand is within the policy limits; and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment."  American Physicians Ins. Exch. v. Garcia, 876 S.W.2d 842, 849 (Tex. 1994).

Although this precedent outlines the Texas Supreme Court's current view and treatment of the Stowers duty, Ford chose to base his third party insurance claim on an older case, Ranger County Mut. Ins. Co. v. Guin, 723 S.W.2d 656 (Tex. 1987), involving liability of an insurance company for negligence in the handling of a claim against its insured.[1]  He particularly relied on the language "[a]n insurer's duty to its insured is not limited to . . . narrow boundaries, . . . rather it extends to the *full*

---

[1]  Ranger involved an automobile collision. A jury found John Wesley Guin ("Guin"), an independent contractor who was hired to drive a dump truck insured by Ranger County Mutual Insurance Company ("Ranger"), to be 100% negligent.  After the trial court rendered a $225,000 judgment against Guin, he filed suit against Ranger under the Stowers doctrine alleging that the claim was within policy limits and should have been settled.

*range of the agency relationship. . . .* [T]hat includes investigation, preparation for defense of the lawsuit, trial of the case and reasonable attempts to settle." Id. at 658 (emphasis added). Under this expansive view of the Stowers duty, Ford alleges that as his agent, Cimarron had a duty to exercise ordinary and prudent care in handling the Novatech claim. As such, Ford further argues that he has met the threshold requirement of a negligence claim in Texas.

III.    Analysis

The present dispute is not this court's first occasion to address the issue of negligence actions available under Texas law in third party insurance cases. In Saint Paul Fire & Marine Ins. Co. v. Convalescent Servs., Inc., 193 F.3d 340 (5th Cir. 1999), the insured, Convalescent Services, Inc. ("CSI"), alleged that its insurer, Saint Paul Fire and Marine Insurance ("Saint Paul"), had a duty to handle claims against CSI in a non-negligent manner.[2] Like Ford, CSI based its allegations on the sweeping language of Ranger.

Upon reviewing the facts of Ranger and subsequent Texas Supreme Court cases, this court discerned the fallacy of CSI's reliance. While Ranger does contain language that seems to expand the Stowers duty, the case itself contained "'no contention that [the insurer] was negligent in investigation or trial of the . . . lawsuit.'" Saint Paul, 193 F.3d at 344 (quoting Ranger, 723 S.W.2d

---

[2] Saint Paul insured CSI against damages arising from its negligence. But the contract specifically excluded coverage for punitive damages. While in the care of a CSI owned nursing home, Jacob Schultz developed severe decubitus ulcers that allegedly resulted in serious personal injury and near death as a result of CSI's negligent acts and omissions. Before trial, Saint Paul rejected Schultz's $250,000 settlement demand despite its being well within the CSI po licy limits. The jury award against CSI included $850,000 in punitive damages. CSI claimed Saint Paul was responsible for paying these punitive damages because Saint Paul had negligently handled  the investigation and settlement negotiations by refusing the initial $250,000 settlement demand.

at 659). Because the expansive language was not dispositive of an issue at bar in <u>Ranger</u>, this court reasoned that it was not the case's holding. <u>See Saint Paul</u>, 193 F.3d at 344.

Furthermore, this court recognized that the Texas Supreme Court had treated the dubious <u>Ranger</u> language even more narrowly, specifically referring to it as "dictum." <u>Id.</u> (citing <u>Garcia</u>, 876 S.W.2d at 849); <u>see also State Farm Mut. Auto. Ins. Co. v. Traver</u>, 980 S.W.2d 625, 628 (Tex. 1998) (stating that the language in <u>Ranger</u> "about the scope of the insurer's responsibilities was dict[um]"). The court explained that "[i]n the context of a <u>Stowers</u> lawsuit, evidence concerning claims investigation, trial defense, and conduct during settlement negotiations is necessarily subsidiary to the ultimate issue of whether the claimant's demand was reasonable under the circumstances, such that an ordinarily prudent insurer would accept it." <u>Garcia</u>, 876 S.W.2d at 849.

CSI premised its arguments against the aforementioned reading of <u>Ranger</u> on the <u>Garcia</u> dissent, which impugns the majority for its retroactive reformation of the <u>Ranger</u> holding 'into mere "dictum."' <u>Saint Paul</u>, 193 F.3d at 344 (quoting <u>Garcia</u>, 876 S.W.2d at 863 n.7). Nonetheless, this court clearly concluded that "the Texas Supreme Court drastically curtailed the broad language of <u>Ranger</u>." <u>Saint Paul</u>, 193 F.3d at 344. Thus in making its <u>Erie</u>[3] prediction of how the Texas Supreme Court would hold in CSI's case, we respected the constraints of the court's more recent precedent and held that St. Paul did not breach any tort duty to CSI. <u>See id</u>. at 345.

We are a "strict *stare decisis* court. [Thus], . . . one panel of this court cannot disregard, much less overrule, the decision of a prior panel." <u>F.D.I.C. v. Abraham</u>, 137 F.3d 264, 268 (5th Cir. 1998). This rule remains immutable even when the prior panel's decision involved the interpretation of state law because, "[s]uch interpretations are no less binding on subsequent panels than are prior

---

[3] <u>Erie R. Co. v. Tompkins</u>, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938).

6

interpretations of federal law." Id. (citing Broussard v. Southern Pac. Transp. Co., 665 F.2d 1387, 1389 (5ᵗʰ Cir. 1982) (*en banc*)). Therefore, a prior panel's interpretation of state law has binding precedential effect on other panels of this court absent a subsequent state court decision or amendment rendering our prior decision clearly wrong. See Abraham, 137 F.3d at 269.

No Texas Supreme Court decision nor amendment has so subsequently rendered this court's decision in Saint Paul clearly wrong. Accordingly, Saint Paul binds us regarding the Ford and Cimarron dispute. While Ford makes a persuasive argument for requiring insurance companies to handle, investigate, and settle claims using the ordinary care of a reasonable and prudent person in the insured's position, the Stowers duty is the only common law tort duty Texas currently recognizes in third party insurance claims.[4] Thus in handling Novatech's claim against Ford, Cimarron can only be held liable in tort for not accepting a settlement offer that any reasonable person in Ford's position would have accepted. Cimarron fulfilled this duty, however, when it settled Novatech's claim against Ford. As such, we hold that Cimarron breached no tort duty to Ford.

## CONCLUSION

Our holding in Saint Paul is controlling. We therefore find that the district court properly concluded that under Texas law, Stowers does not impose a duty on insurers to handle, investigate, and settle claims against insureds using the standard of care of any reasonable and prudent person in the insured's position. Accordingly, we AFFIRM the district court's ruling.

---

[4] Ford's contention that insurers should be liable for third party insurance claims in which they negligently handle, investigate, and settle claims presents an issue that is simply improper for this court to decide. See Saint Paul, 193 F.3d at 345 (stating "[w]hen making an Erie guess, it is not our role to create or modify state law. . . ." and feeling constrained by the more recent precedent of the Texas Supreme Court to conclude that the Stowers duty did not give rise to a cause of action for an insurers negligent handling, investigation, and settlement of a third party claim). Accordingly, the Texas Legislature is the appropriate forum for advocating Ford's position.

AFFIRMED.