**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-60105
(Summary Calendar)

JAMES HIATT,

Plaintiff-Appellee,

versus

WAL-MART STORES, INC.,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi, Hattiesburg
2:98-CV-186-PG

January 19, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

CARL E. STEWART, Circuit Judge:[*]

Wal-Mart Stores, Inc. ("Wal-Mart") appeals from a jury verdict in favor of James Hiatt ("Hiatt") for personal injuries that he sustained while on the premises of a Wal-Mart Store in Philadelphia, Mississippi. For the following reasons, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On June 29, 1997, Hiatt was shopping for a boat seat at a Wal-Mart store in Philadelphia, Mississippi. While sitting in an aisle trying out a seat that had been removed from a lower shelf, he

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was struck in the head by several boat seats that had fallen from a riser. Hiatt sued Wal-Mart for the injuries that he sustained as a result of the accident. The case was tried before a jury. At the close of Hiatt's case, Wal-Mart moved for judgment as a matter of law, and the district court denied the motion. At the close of all of the evidence, Wal-Mart renewed its motion for judgment as a matter of law. That motion was denied. The jury returned a verdict in favor of Hiatt and awarded him $800,000. The district court entered judgment in favor of Hiatt. The court assessed interest at 5.285% per annum until paid in full and ordered Wal-Mart to pay costs. Again, Wal-Mart renewed its motion for judgment as a matter of law, and alternatively, moved for a new trial or remittitur. The district court denied those motions, and this appeal followed.

DISCUSSION

On appeal, Wal-Mart argues that the district court: (1) erred in denying its motion for judgment as a matter of law, or alternatively, its motion for a new trial; (2) improperly admitted evidence of subsequent remedial measures; (3) improperly admitted evidence of prior accidents; (4) improperly allowed a continuance and subsequent designation of an expert; (5) improperly admitted a boat seat into evidence; and (6) erred in denying its motion for a new trial or remittitur based on the excessiveness of the verdict.

I.      The District Court's Denial of Wal-Mart's Motion for Judgment as a Matter of Law and Alternative Motion for a New Trial

Wal-Mart argues that the district court erred in failing to grant its motion for judgment as a matter of law at the close of the case in chief and its renewed motion after the entry of the judgment. Alternatively, Wal-Mart asserts that, at a minimum, a new trial should be granted. Citing cases applying Mississippi tort law, Wal-Mart claims that the evidence in this case established that it had

2

in place safety measures designed to provide its customers with a reasonably safe shopping environment and that Hiatt failed to present any evidence that it knew of any dangerous condition in the store prior to Hiatt's accident.

In an action tried by a jury, a motion for judgment as a matter of law is a challenge to the legal sufficiency of the evidence supporting the jury's verdict. Ford v. Cimarron Ins. Co., Inc., 230 F.3d 828, 830 (5th Cir. 2000). We review a motion for judgment as a matter of law de novo and apply the same legal standard as the district court. Id. Judgment as a matter of law is appropriate if, after the jury has fully heard a party on an issue, there is no legally sufficient evidentiary basis upon which a jury could have found for the party on that issue. Id.

Wal-Mart has failed to show that there was no legally sufficient evidentiary basis upon which the jury could have found that it was negligent. To the contrary, the record cont ains sufficient evidence upon which the jury's finding for Hiatt could have been based. For example, the jury could have inferred that Wal-Mart had improperly stacked the boat seats from the evidence that the Hiatt did nothing to dislodge the seats. Thus, we find that the district court did not err in denying Wal-Mart's motion for judgment as a matter of law.

We also find that the district court did not err in denying Wal-Mart's alternative motion for a new trial. When a party makes a lack-of-evidence claim, a district court should not grant a motion for a new trial unless the verdict is against the great weight of the evidence. Whitehead v. Food Max of Mississippi, Inc., 163 F.3d 265, 269 (5th Cir. 1998). The district court has discretion to grant or deny a motion for a new trial, and we will affirm the court's ruling "absent 'a clear showing that this discretion has been abused.'" Id. (quoting Pryor v. Trane Co., 138 F.3d 1024, 1026 (5th Cir. 1998)). A denial of a motion for new trial will be affirmed unless the party makes a clear showing that there

3

is an absolute absence of evidence supporting the jury's verdict, indicating that the district court abused its discretion in not finding the verdict contrary to the great weight of the evidence. Id. As stated before, there is sufficient evidence in the record to support the jury's verdict. Thus, Wal-Mart has not shown that the district court abused its discretion in declining to grant its motion for a new trial.

II.      The District Court's Evidentiary Rulings

Wal-Mart complains of four of the district court's evidentiary rulings, and on the basis of each of these complaints, requests a new trial. Where a party made appropriate objections at trial, we review the district court's evidentiary ruling for abuse of discretion and subject it to harmless error analysis. Tompkins v. CYR, 202 F.3d 770,779 (5th Cir. 2000). However, if the complaining party failed to properly object at trial, we review the admission of evidence for plain error. Id.

   A.      The District Court's Purported Admission of Evidence of Subsequent Remedial
           Measures

Wal-Mart argues that the district court admitted evidence of subsequent remedial measures, which is prohibited by Rule 407 of the Federal Rules of Evidence. Specifically, Wal-Mart complains of the testimony of Kelvin Hiatt ("Kelvin"), the son of the plaintiff. During his testimony, Kelvin mentioned that, after his father's accident, Wal-Mart employees brought out a ladder and were instructed to remove the boat seats from the top shelf of the aisle on which the boat seats had fallen. Wal-Mart promptly objected. The court sustained the objection and instructed the jury to disregard the statements. In its ruling on Wal-Mart's motion for a mistrial, the court found that Kelvin's testimony was not unduly prejudicial and was not a sufficient basis for a mistrial. Wal-Mart claims that Kelvin's statements, coupled with allusions to subsequent remedial measures from Hiatt's

4

counsel during closing argument, impaired Wal-Mart's substantial right to have evidence of subsequent remedial measures excluded at trial. We find that the district court's instructions to the jury to disregard Kelvin's comments were sufficient to remedy any harm that Kelvin's statements may have caused Wal-Mart and thus find no error on this point.

B.     The District Court's Purported Admission of Evidence of Prior Accidents

Wal-Mart argues that the district court forced it to accept a stipulation that merchandise improperly stacked could fall and potentially injure a customer in lieu of the admission of an affidavit establishing that there were over 25,000 accidents across the nation involving falling merchandise in Wal-Mart stores. Wal-Mart also claims that Hiatt's counsel elicited testimony from Jerry Reynolds ("Reynolds") regarding other accidents without establishing their similarity to the accident at issue in this case. Hiatt argues that, having agreed to the stipulation, Wal-Mart should be estopped from now asserting that it was forced to accept the stipulation.

We find no error with regard to the stipulation. Wal-Mart could have refused to accept it. We also find no error with respect to Reynolds' testimony. He simply stated that Wal-Mart has knowledge that items fall from risers in the Philadelphia store.

C.     The District Court's Admission of Expert Testimony Regarding Future Medical Treatment

Wal-Mart complains that the district court erred in allowing the testimony of a "late-designated expert" and forcing it to seek a continuance in lieu of exclusion of the testimony. We review a district court's admission of expert testimony for abuse of discretion. Tanner v. Westbrook, 174 F.3d 542, 546 (5th Cir. 1999). If we find abuse of discretion in the admission, we subject the ruling to harmless error analysis and affirm it unless substantial rights of the complaining party are

affected.  Id.  Wal-Mart has not shown abuse of discretion in the district court's admission of the expert's testimony.  Furthermore, Wal-Mart has also failed to show that its substantial rights were affected, as the district court granted it a continuance.  Thus, even assuming that the district court abused its discretion in allowing the expert's testimony, such error was harmless.

D.        The District Court's Admission of a Boat Seat Into Evidence

Wal-Mart asserts that the district court improperly admitted a boat seat into evidence despite testimony by current and former employees of Wal-Mart that the boat seat sought to be introduced by Hiatt was not the same seat involved in the accident.  Wal-Mart claims that the type of boat seat that struck Hiatt was smaller and weighed less than the seat introduced.  We find no abuse of discretion in the admission of the boat seat into evidence.  Furthermore, even if the court abused its discretion, given the other evidence presented regarding the number of boat seats that struck Hiatt and the magnitude of the injuries that he sustained, such error was harmless.

III.      The District Court's Denial of Wal-Mart's Motion for a New Trial or Remittitur Based On Excessiveness of Verdict

Wal-Mart argues that the district court should have granted its motion for a new trial or remittitur because the jury's verdict was excessive.  Wal-Mart asserts that the jury's award of $800,000 to Hiatt was excessive and the product of bias, passion, and prejudice.  The appropriate standard of review is whether the district court abused its discretion in declining to grant a new trial or remittitur.  Esposito v. Davis, 47 F.3d 164, 167 (5th Cir. 1995).  "[T]here is no abuse of discretion denying a motion for new trial unless there is a complete absence of evidence to support the verdict."  Id.  Again, Wal-Mart cannot meet this standard.  There was ample evidence presented regarding the damages that Hiatt sustained to support the jury's award.  Thus, we find that the district court did

not err in denying its motion for a new trial or remittitur.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's entry of judgment in favor of Hiatt.

AFFIRMED.