UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

————————————

No. 00-10979

————————————

DEBORAH BROWNLOW,

Plaintiff-Appellant,

v

LABORATORY CORPORATION OF AMERICA,

Defendant-Appellee.

————————————

Appeal from the United States District Court

for the Northern District of Texas

(No. 7-99-CV-250)

————————————

May 14, 2001

Before POLITZ and EMILIO M. GARZA, Circuit Judges, and KAZEN, District Judge.[1]

KAZEN, District Judge:*

---

[1] District Judge of the Southern District of Texas, sitting by designation.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Deborah Brownlow ("Brownlow") appeals the district court's dismissal with prejudice of her "Second Amended Original Petition [sic]" against Laboratory Corporation of America ("Labcorp"). That pleading attempted to allege causes of action for negligence and defamation based on Labcorp's reporting to Brownlow's employer a "false positive" result on a routine mandatory drug test. We AFFIRM the district court's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff-Appellant Brownlow, a licensed vocational nurse at Quanah Parker Nursing Center ("Quanah"), was selected to undergo a routine mandatory drug test. Defendant-Appellee Labcorp tested Brownlow's urine sample and reported to Quanah that the sample tested positive for benzodiazepines, specifically Valium, a controlled substance. Quanah terminated Brownlow's employment and the Texas Board of Vocational Nurse Examiners was notified. Subsequently, Labcorp learned Brownlow's drug test had registered a "false positive." Labcorp informed Quanah of the mistake, and Quanah reinstated Brownlow.

Brownlow brought an action against Labcorp for negligence and defamation in the 46th Judicial District Court of Haredeman County, Texas. Brownlow alleged two causes of action against Labcorp: (1) negligently registering a "false positive" on her urine sample by failing to properly cleanse the test vessel between tests and (2) defamation for reporting the "false positive" test results to her employer, Quanah. Labcorp removed the case to the United States District Court for the Northern District of Texas, based on diversity of citizenship, and filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The district court granted Labcorp's motion to dismiss, but granted Brownlow leave to file an amended complaint as to the defamation claim, which she did. The district court then granted Labcorp's Rule 12(b)(6) motion to dismiss

2

Brownlow's Second Amended Original Complaint.  This appeal is taken from that order.

## II. NEGLIGENCE CLAIM

Brownlow's negligence claim is foreclosed by our decision in *Willis v. Roche Biomedical Labs, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995), that a laboratory contracted by an employer to drug test its employees owes no duty of reasonable care to the tested employees.  Perhaps because of *Willis*, Brownlow abandoned her negligence claim during the oral argument, and we will no longer consider that issue.

## III. DEFAMATION CLAIM

### A. Qualified Privilege

Brownlow argues that the district court erred in finding that Labcorp had a qualified privilege when publishing the "false positive" drug test result to Quanah.  Brownlow concedes that *Willis* holds that a libelous test report is protected by a qualified privilege.  However, she urges this panel to revisit the privilege issue in a manner "consistent with the Texas cases."  Even when a prior Fifth Circuit panel's decision involves an interpretation of state law, "[it] has [a] binding precedential effect on other panels of this court absent a subsequent state court decision or amendment rendering our prior decision clearly wrong."  *Ford v. Cimarron Insurance Co., Inc.*, 230 F.3d 828, 832 (5th Cir. 2000).  The pertinent facts of the instant case are identical with those in *Willis*, and Brownlow has not cited any state court decisions or amendments that would allow us to ignore that precedent.  We therefore hold that Labcorp's publication of the drug test result was protected by a qualified privilege.

### B. Actual Malice

Finally, Brownlow argues the district court erred in finding that she had not alleged the

3

requisite "actual malice" to overcome a qualified privilege.  Brownlow's "Second Amended

Original Petition [sic]" alleged malice on the part of Labcorp because its

> failure to properly cleanse the test vessels was the consequence of reckless regard (sic)...for the truth or falsity of its test reports and for the harm which false reports might cause. In this connection, Plaintiff would show that Defendant deliberately accepted more testing transactions than its staff or facility could handle and still clean the test vessels properly between tests or meet other standards of scientific testing accepted and observed by other laboratories performing similar testing functions, knowing that in doing so it was unduly endangering the employment relationships and reputations of those whose urine samples were submitted for testing...in order to maximize revenues to the laboratory.

> Second Am. Compl. ¶ 14.

"Actual malice" is "the making of a statement with knowledge that it is false, or with

reckless disregard of whether it is true."  *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 313

(5ᵗʰ Cir.1995)(*quoting Carr v. Brasher*, 776 S.W.2d 567, 571 (Tex. 1989)(citations omitted)).

"Reckless disregard" has been defined as "a high degree of awareness of probable falsity" that the

plaintiff shows by presenting "'sufficient evidence to permit the conclusion that the defendant in

fact entertained serious doubts as to the truth of his publication.'  An error in judgment is not

enough."  *Carr*, 776 S.W.2d at 571 (*quoting St. Amant v. Thompson*, 390 U.S. 727, 731 (1968)).

Under Texas law, a negligent failure to investigate the truth or falsity of a statement before

publication, or a failure to act as a reasonably prudent person is insufficient to support a finding of

malice.  *See Duffy*, 44 F.3d at 313 (*citing Shearson Lehman Hutton, Inc. v. Tucker*, 806 S.W.2d

914, 924 (Tex.App.–Corpus Christi 1991, writ dism'd w.o.j.)).  Brownlow does not allege that

Labcorp had actual knowledge of the falsity of her test result.  The allegation that because

Labcorp was so overburdened, it failed to properly clean the test vessels or meet other

undescribed "standards of scientific testing" is essentially a claim of negligence.  This is

4

insufficient to overcome a qualified privilege.  Brownlow was given a second chance to plead a valid defamation claim and was unable to do so.  *See Hart v. Bayer Corp.* 199 F.3d 239, 248, n.6 (5th Cir. 2000).  Therefore, we AFFIRM the district court's dismissal of that claim.