IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-11317
_____


RSR CORP.; QUEXCO INC; QUEMETCO, INC.;
QUEMETCO METALS LIMITED, INC.,

                                    Plaintiffs-Counter Claimants-
                                    Appellants,

                          versus

GREAT NORTHERN INSURANCE CO.,
CHUBB & SON, INC.,

                                    Defendants-Counter Defendants-
                                    Appellees.

_____

Appeal from the United States District Court for
the Northern District of Texas
(USDC No. 3:99-CV-961)
_____
September 11, 2002



Before REAVLEY, BARKSDALE and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    RSR Corp., the insured, appeals the dismissal of its claims against Great Northern

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Insurance Co., its insurer, and Chubb & Son, an insurance broker. We affirm the judgment of the district court for the following reasons:

1.      RSR contests the district court's Rule 12(b)(6) dismissal of its claim against its insurer under Texas Insurance Code. RSR has failed to identify the "unfair settlement practice" that is prohibited by Article 21.21 § 4, or the Texas Supreme Court's interpretation of that statute, in which Great Northern engaged. See Rocor Int'l, Inc. v. Nat'l Union Fire Ins. Co., 77 S.W.3d 235, 262 (Tex. 2002). The district court did not err by dismissing RSR's Article 21.21 claim.

2.      RSR complains of the district court's order of summary judgment on its breach of contract claim because Great Northern initially sought reimbursement for the settlement amount, failed to investigate the claim, and settled over RSR's objections. The insurance policy at issue contained a clause allowing the insurer to settle any claim or dispute it "deem[ed] expedient." Although Great Northern did not have the right to conduct RSR's defense once it disputed coverage, it did not lose the right to settle the case within policy limits for a reasonable amount. See Dear v. Scottsdale Ins. Co., 947 S.W.2d 908, 913-914 (Tex. App.--Dallas 1997, writ denied) ("This ['deems expedient'] language unambiguously vests [the insurer] with an absolute right to settle third-party claims in its own discretion and without [the insured's] consent... .").

3.      RSR contends the district court erred by granting summary judgment on its allegation that Great Northern negligently settled the claims against it. In a third-party insurance case, an insurer must accept a reasonable settlement offer from the

claimant within or at policy limits if a prudent insurer would accept the offer in the same circumstances. See G.A. Stowers Furniture Co. v. Am. Indem. Co., 15 S.W.2d 544 (Tex. Comm'n App. 1929, holding approved). An insurer's liability in negligence must be founded upon a breach of the duty articulated in *Stowers*. See Ford v. Cimarron Ins. Co., 230 F.3d 828, 832 (5th Cir. 2000). Great Northern settled the claims against RSR within policy limits for a reasonable amount, and thus the district court did not err in finding that Great Northern did not breach its *Stowers* duty as a matter of law.

4.     Finally, RSR has failed to establish that it has been damaged by Great Northern's settlement of the claims. There is no evidence that Great Northern settled for an excessive amount, regardless of the effect of the settlement on the availability of funds to satisfy future claims arising from the same circumstances. The reasonableness of a settlement turns on whether a reasonably prudent insurer would have settled the claim considering solely the merits of the claim and the potential liability of the insured. Texas Farmers Ins. Co. v. Soriano, 881 S.W.2d 312, 316 (Tex. 1994). The case settled within policy limits and Great Northern has paid RSR for all of the defense expenses it incurred. As damages are a prima facie element of each of RSR's claims, summary judgment was proper on this ground alone.

The judgment of the district court is AFFIRMED.

3