IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 8, 2008

No. 07-60698
Summary Calendar

Charles R. Fulbruge III
Clerk

BONNIE FIGUERO

Plaintiff-Appellant

v.

PEPPERIDGE FARM INC

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:04-CV-929

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant Bonnie Figuero appeals the district court's grant of judgment as a matter of law, which nullified a $112,626.99 jury verdict in Figuero's favor. For the following reasons, we AFFIRM.

Figuero was a distributor for Appellee Pepperidge Farm, Inc. ("Pepperidge Farm") in Mississippi. On August 9, 2003, Pepperidge Farm terminated Figuero's distributorship agreement (the "Agreement"). Figuero sued

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pepperidge Farm, and a jury trial was conducted from May 22-24, 2006. The jury found that: (1) Pepperidge Farm terminated the Agreement "with cause" and (2) Pepperidge Farm did not act in bad faith. These two findings are not contested on appeal. The jury was instructed–pursuant to language in the Agreement–that if it found a termination with cause, then Figuero was entitled to receive compensation "in accordance with the established business practices of [Pepperidge Farm], and each party's right to receive any favorable balances and obligation to pay any adverse balances." The jury awarded Figuero $121,000, less $8,373.01 previously tendered by Pepperidge Farm, for a total award of $112,626.99.

On June 13, 2006, Pepperidge Farm filed a motion for judgment as a matter of law or, in the alternative, motion for amendment of the judgment and remittitur. Pepperidge Farm argued that, pursuant to its "established business practices," a reasonable jury could not award $121,000 to Figuero. On July 25, 2006, the district court granted Pepperidge Farm's motion for judgment as a matter of law under Federal Rule of Civil Procedure 50.

We review a motion for judgment as a matter of law de novo, applying the same standard as the district court. See Ford v. Cimarron Ins. Co., 230 F.3d 828, 830 (5th Cir. 2000). Judgment as a matter of law is appropriate where "there is no legally sufficient evidentiary basis for a reasonable jury to have found for that party with respect to that issue." Id. (citation and internal quotation marks omitted).

Doug Kolojack, Pepperidge Farm's Director of Operations, provided the only evidence at trial concerning Pepperidge Farm's established business practices regarding terminations with cause. Mr. Kolojack testified that if "a distributorship agreement is terminated for cause, it is Pepperidge Farm's established business practice to sell that distributorship for whatever price the market will bear and to pay the proceeds of that sale, less any balances owed by

the distributor, directly to the distributor upon receipt of the sale proceeds." *Figuero v. Pepperidge Farm, Inc.*, No. 3:04CV929LN, 2006 WL 2088280, at *1 (S.D. Miss. July 25, 2006). Mr. Kolojack further testified that, immediately following the Agreement's termination, Figuero's route was put up for sale. A small portion of the route was sold for $1,000, and Pepperidge Farm retained this entire amount to offset part of Figuero's indebtedness. In 2006, approximately half of the territory was sold for $10,000.[1] A portion of this amount was applied to Figuero's remaining balance of $1,626.99, and the rest, $8,373.01, was tendered to Figuero.[2] We find the district court properly concluded that, pursuant to Pepperidge Farm's established business practices, Figuero was only entitled to receive $8,373.01–the amount that the route sold for and which had already been tendered by Pepperidge Farm.

The jury's award of $121,000 was based upon Pepperidge Farm's asking price for the entire territory, based upon the "optimum" value of the distributorship. However, this amount was never offered by any buyer–in fact, no offers were made at all in the first two years the distributorship was up for sale. The district court properly concluded that the contractual language at issue only entitles Figuero to funds pursuant to Pepperidge Farm's established business practices–i.e., the value that the distributorship actually sold for, less any indebtedness. This is exactly what Pepperidge Farm tendered to Figuero, and the district court properly granted judgment as a matter of law to Pepperidge Farm.

AFFIRMED.

---

[1] The district court erroneously stated that this portion of the distributorship was sold in 2004. The record–including statements from both parties in the First Amended Pretrial Order–confirms that the sale occurred in 2006.

[2] Pepperidge Farm acknowledged that, when it sells the remaining portion of the distributorship, all proceeds will be tendered to Figuero. The district court entered an order to this effect.