# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

May 16, 2008

**Charles R. Fulbruge III**
Clerk

No. 07-20597
Summary Calendar

DAVID A GREEN

Plaintiff-Appellant

V.

TRINH DANG LA, Individually, and doing business as Fidelity National Title
Insurance Company Fee Office #72

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-2097

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant David A. Green contends that Appellee Trinh Dang La offered him a job as an escrow assistant through her market representative and then rescinded the offer upon learning that Green was African-American. La responds that she never hired Green as an escrow assistant; rather, she was looking to hire an escrow officer. Upon learning from Green's employer that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was not qualified to be an escrow officer, La informed Green that she could not offer him employment. Green admits that he was not qualified for an escrow officer position.

A jury trial was conducted in this case on July 23-24, 2007. At the conclusion of Green's case-in-chief, La moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). On July 25, 2007, the district court granted La's motion. Although the district court judge noted that he could not determine at this stage of the proceedings whether Green applied for the escrow officer or escrow assistant position, he found that he must "evaluate [La's] intent based upon what position she was evaluating [Green] for." The district court concluded that "there is insufficient evidence to create a fact question for the jury on the issue of whether [Green's] race was a motivating factor in [La's] decision."

We review the grant of judgment as a matter of law de novo, applying the same standard as the district court. See Ford v. Cimarron Ins. Co., 230 F.3d 828, 830 (5th Cir. 2000). Judgment as a matter of law is appropriate where "there is no legally sufficient evidentiary basis for a reasonable jury to have found for that party with respect to that issue." Id. (citation and internal quotation marks omitted).

Green alleges that he suffered racial discrimination in violation of 42 U.S.C. § 1981,[1] which "prohibits racial discrimination in the making and enforcement of private contracts." Patterson v. McLean Credit Union, 491 U.S.

---

[1] Section 1981(a) provides that:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

164, 172 (1989). In other words, § 1981 "prohibits, when based on race, the refusal to enter into a contract with someone, as well as the offer to make a contract only on discriminatory terms." Id. at 176-77. To establish a prima facie case of race discrimination under § 1981, Green must "prove purposeful discrimination." Id. at 186. Specifically, Green must "prove by a preponderance of the evidence that [he] applied for and was qualified for an available position, that [he] was rejected, and that after [he] was rejected respondent either continued to seek applicants for the position, or . . . filled the position with" an employee of a different race. Id.

The burden-shifting framework for Title VII cases–outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)–also applies to § 1981 claims. Patterson, 491 U.S. at 186. Thus, if Green establishes a prima facie case, "the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for its action." Auguster v. Vermilion Parish Sch. Bd., 249 F.3d 400, 402 (5th Cir. 2001). At that point, the McDonnell Douglas framework disappears and "the plaintiff must produce substantial evidence of pretext" in order to prevail on his discrimination claim. Id. at 402-03.

After reviewing the record and trial transcript, we find that even if Green established a prima facie case, the district court nonetheless properly granted judgment as a matter of law because La produced a legitimate, non-discriminatory reason for not entering into an employment agreement with Green. Specifically, La believed that Green was seeking employment as an escrow officer and learned that Green was not qualified for this position. Even if Green is correct in his belief that he sought employment as an escrow assistant, he did not produce evidence at trial to establish that La's explanation was pretextual. Without such evidence, the trier of fact is left with the following findings: (1) La legitimately believed that Green was seeking employment as an

escrow officer and (2) Green was not qualified as an escrow officer. Accordingly, Green has not established a violation of § 1981.

AFFIRMED.