# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30153
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2018

Lyle W. Cayce
Clerk

CATHERINE WILLIAMS,

      Plaintiff – Appellant,

v.

STATE OF LOUISIANA,

      Defendant – Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CV-154

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

    Catherine Williams, who sought but was not selected for a particular management position with the Louisiana Workforce Commission, filed a Title VII lawsuit alleging race- and gender-based failure to promote. She appeals the district court's judgment granting the State of Louisiana's motion for judgment as a matter of law under Federal Rule of Civil Procedure 50.

---

    * Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

No. 17-30153

Williams also appeals various evidentiary rulings made by the district court. We AFFIRM.

We review a district court's decision on a Rule 50 motion for judgment as a matter of law *de novo*. *Coffel v. Stryker Corp.*, 284 F.3d 625, 630 (5th Cir. 2002). "[J]udgment as a matter of law is proper after a party has been fully heard by the jury on a given issue, and there is no legally sufficient evidentiary basis for a reasonable jury to have found for that party with respect to that issue." *Ford v. Cimarron Ins. Co.*, 230 F.3d 828, 830 (5th Cir. 2000) (quoting *Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 804 (5th Cir. 1997)); *see also* Fed. R. Civ. P. 50(a). "This court reviews challenges to evidence admitted or excluded for abuse of discretion. . . . We only reverse if 'substantial prejudice' resulted from the error." *EMJ Corp. v. Hudson Specialty Ins. Co.*, 833 F.3d 544, 551 (5th Cir. 2016) (citation omitted).

Williams raises four issues on appeal: (1) whether the district court erred in granting the Rule 50 motion for judgment as a matter of law; (2) whether the district court abused its discretion by preventing Williams's counsel from questioning one of the State's witnesses about "code words"; (3) whether the district court abused its discretion by excluding from trial particular documents in an exhibit; and (4) whether the district court abused its discretion by excluding evidence and testimony about a later demotion of the woman who was selected instead of Williams.

The district court noted that Williams offered no direct evidence of discrimination. Moreover, the district court held that Williams's case "relies almost exclusively on her subjective belief that she was discriminated against." Citing *Churchill v. Texas Department of Criminal Justice*, 539 F. App'x 315, 321 (5th Cir. 2013), the district court held that Williams failed to demonstrate that she was clearly better qualified than the woman who was selected instead of her. The district court concluded that Williams failed to present sufficient

circumstantial evidence to allow a reasonable jury to conclude that the reasons offered by those who interviewed Williams for the management position were pretexts for discrimination.

We agree. On this record, the district court did not err in its determination that Williams has not met her burden either "directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804–05 (1973)).

As to the evidentiary rulings, the district court did not abuse its discretion, nor did its rulings result in substantial prejudice. Specifically, the district court did not abuse its discretion in preventing questioning about "code words" that was beyond the scope of the direct examination. Nor was it an abuse of discretion to exclude the documents in the exhibit as largely cumulative and confusing under Federal Rule of Evidence 403. Finally, the district court was well within its discretion in excluding as irrelevant under Federal Rule of Evidence 402—or otherwise inadmissible under Rule 403—testimony and evidence about the subsequent demotion of the woman selected instead of Williams.

Accordingly, we AFFIRM the judgment of the district court.